# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-02442-SVW-KK | Date | January 30, 2019 |
| Title | *Lynden Liu et al. v. Marriott Vacation Worldwide et al.* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND AND IMPOSING SANCTIONS AGAINST PLAINTIFFS' COUNSEL [15][16][28][30][35]

Before the Court are various outstanding motions by the parties. The Court addresses each motion below.

## I. Marriott Defendants' Motion to Dismiss (Dkt. 16) and Liberty Defendants' Motion to Dismiss (Dkt. 28)

Marriott moved to dismiss or, in the alternative, strike, the majority of Plaintiffs' original Complaint filed in state court, Dkt. 1-1, asserting that Plaintiffs failed to state claims upon which relief can be granted. *See* Dkt. 16. Liberty Defendants moved to dismiss the claims against Liberty in Plaintiffs' original Complaint and/or Plaintiffs' First Amended Complaint, Dkt. 14 (the "FAC"), on the ground that Liberty, the insurer for Marriott, was improperly joined as a defendant under California law. *See* Dkt. 28.

As an initial matter, it is unclear to the Court which pleading filed by Plaintiffs should be deemed as the operative complaint. Plaintiffs purportedly filed the FAC as an operative pleading, seeking to add a new defendant to their original complaint, but the FAC is not in accordance with the pleading requirements of federal law. Even if the Court were to construe the original Complaint filed in state court as the operative complaint, that document also violates the Federal Rules of Civil Procedure.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02442-SVW-KK | Date | January 30, 2019 |
|---|---|---|---|
| Title | *Lynden Liu et al. v. Marriott Vacation Worldwide et al.* | | |

Rule 8 of the Federal Rules of Civil Procedure requires pleadings stating a claim for relief to contain "short and plain statement[s]" of the basis for the Court's jurisdiction and the reasons that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(1)-(2); *see also* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). Per Rule 12(f), a court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A statement in a complaint is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and impertinent material means "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

Plaintiffs' complaint fails to meet the standards set forth in Rule 8. The original Complaint is 63 pages of excessively verbose material, most of which asserts legal arguments and conclusions as opposed to a short and plain statement of the relevant facts and the legal causes of action premised on those facts. In addition, much of the factual allegations pertain to actions by various Defendants that appear to be wholly irrelevant to the substantive claims Plaintiffs intend to bring against Defendants related to the injuries sustained by Plaintiff Lynden Liu allegedly as a result of Defendants' negligence and related to ensuing actions Defendants allegedly took that caused Plaintiffs further economic losses. Lastly, the Complaint is replete with redundancies and appears to repeat the same cause of action multiple times under slightly different legal theories, further compounding the inability for a person reading the Complaint to understand the actual legal basis for any of Plaintiffs' claims. In total, a fair reading of the Complaint provides limited notice to Defendants as to the specific factual allegations against any Defendant for any claim asserted in the Complaint, or what information is relevant to those allegations.

Furthermore, while the Court need not reach the substantive claims in the Complaint, Plaintiffs are cautioned that many claims in the Complaint, in their current state, do not comport with Rule 12(b)(6) and fail to set forth a plausible claim for relief under the relevant standards governing motions to dismiss. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court specifically notes that, while the Court has not yet ruled on Liberty's motion to dismiss, Dkt. 28, Plaintiffs are ordered to consider the legal authorities submitted by Liberty if Plaintiffs intend to rename Liberty as a defendant.

Accordingly, pursuant to Rule 12(f), the Court STRIKES the Complaint and the FAC in their entirety. Plaintiffs are ordered to file an amended complaint that complies with the Federal Rules of Civil Procedure within 14 days of this Order. Plaintiffs are hereby put on notice that if the next amended

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02442-SVW-KK | Date | January 30, 2019 |
|---|---|---|---|
| Title | *Lynden Liu et al. v. Marriott Vacation Worldwide et al.* | | |

complaint does not adhere to the standards stated above, most notably the requirement to provide a "short and plain statement" of Plaintiffs' claims and grounds for relief, Plaintiffs' case will be dismissed with prejudice and Plaintiffs may face sanctions from the Court.

**II.    Plaintiffs' Motion to Remand (Dkt. 15)**

Plaintiffs filed a motion to remand their case back to state court, asserting procedural deficiencies in Defendants' removal to federal court. *See* Dkt. 15. However, in their motion for leave to amend their complaint, Plaintiffs withdrew their motion to remand. *See* Dkt. 35 at 1 (title for the motion for leave to amend includes "Notice of Withdraw of Remand"); *id.* at 2 ("Plaintiffs hereby withdraw their request for Remand . . . ."). Although Plaintiffs never filed a formal notice of withdrawal, because Plaintiffs provided such notice of an intent to withdraw their motion for remand in their motion for leave to amend, the motion to remand is DENIED.

**III.   Plaintiffs' Motion for Leave to Amend and for Discovery Orders (Dkt. 35)**

Because the Court strikes Plaintiffs' operative complaint and orders Plaintiffs to refile an amended complaint in conformity with Rule 8, Plaintiffs' motion for leave to amend to add new claims, Dkt. 35, is DENIED as moot. Plaintiffs' request that the Court issue orders requiring discovery from Defendants regarding particular pieces of evidence, see Dkt. 35 at 11-12, is also DENIED as moot in light of the lack of any operative complaint. While the Court does not reach the merits of the new claims Plaintiffs sought to add to their original complaint via the motion to amend, the Court orders Plaintiffs to give due consideration to the authorities raised in Defendants' oppositions to Plaintiffs' motion to amend, because Plaintiffs may be subjected to sanctions for any frivolous claims added to their amended complaint.

**IV.    Plaintiffs' Motion for Sanctions (Dkt. 30)**

Plaintiffs' motion for sanctions, Dkt. 30, is DENIED as frivolous. Plaintiffs have not articulated any basis for how any Defendants have "present[ed] to the court a pleading, written motion, or other paper" that contained factual contentions without evidentiary support or asserted any frivolous legal arguments. *See* Fed. R. Civ. P. 11(b). Neither have Plaintiffs shown how Defendants have "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," 28 U.S.C. § 1927, by seeking to remove Plaintiffs' case to federal court and dismiss Plaintiffs' causes of action for legal deficiencies. And Plaintiffs' argument that the Court should exercise its inherent authority to sanction Defendants' conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02442-SVW-KK | Date | January 30, 2019 |
|---|---|---|---|
| Title | *Lynden Liu et al. v. Marriott Vacation Worldwide et al.* | | |

in this case because it was exercised in bad faith is also rejected. *See Fink v. Gomez,* 239 F.3d 989, 992 (9th Cir. 2001).

     Plaintiffs appear to ask the Court to sanction Defendants for every procedural step or substantive legal position they have taken in this litigation to oppose Plaintiffs' claims, because Plaintiffs subjectively believe that Defendants have taken these actions in bad faith with the intent to subject Plaintiff Dan Liu, also serving as Plaintiffs' counsel in this case, to burdensome procedures. Plaintiffs have submitted no evidence supporting this claim of bad faith; in fact, the Court finds every action taken by Defendants to be wholly reasonable and warranted based on the procedural defects in Plaintiffs' complaint. Every "lie" Plaintiffs assert that Defendants told throughout the litigation was simply Defendants' articulation of a legal principle or factual allegation that opposed a position Plaintiffs took, and Plaintiffs have not substantiated their claims that any of these statements was false. Plaintiffs' motion for sanctions states that Ms. Liu has been "so overwhelmed by service, remand, dismissal, and opposition" in this case thus far, Dkt. 30 at 6, but these are typical procedures necessitated by the appearance in federal court, not "legal gamesmanship" orchestrated by Defendants to prevent Plaintiffs from adjudicating her claims. In summary, nothing about the conduct exhibited by Defendants in relation to these procedures hints at any sanctionable conduct.

     On the other hand, the Court finds Plaintiffs' filing of a motion for sanctions against Defendants to be the typical conduct subject to sanctions under Rule 11. Both Marriott and Liberty request that the Court sanction Plaintiffs for filing a frivolous motion for sanctions. "A party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001). The Court finds Plaintiffs' motion for sanctions to be frivolous and made without a legal or factual basis for support, in that Plaintiffs improperly seek sanctions against Defendants for entirely reasonable litigation activity in defending against Plaintiffs' case. Accordingly, in order to deter Ms. Liu from making further frivolous filings of motions for sanctions, Ms. Liu is hereby sanctioned in the amount of $100.

     IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |